UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| VICTOR HICKSON, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>CSX TRANSPORTATION, INC., )<br>)<br>Defendants. )<br>_____ ) | **COMPLAINT**<br><br>(**JURY TRIAL DEMANDED**) |

This is an action bought to remedy discrimination on the basis of race in the terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII").

This Court has jurisdiction of this matter under 42 U.S.C. § 2000e -5(f), and under 28 U.S.C. §§ 1331 and 1343(4).

Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because CSX Transportation operates in Cayce, South Carolina and, therefore, conducts business within the District of South Carolina, Columbia Division; and, a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within the District of South Carolina, Florence Division.

Plaintiff was employed as a Conductor with CSX, working at the Cayce location and makes the following allegations and statements of fact:

1. Plaintiff is an African American male citizen of the United States and a resident of Lugoff, South Carolina.

2. Defendant, CSX Transportation, Incorporated, upon information and belief, is a corporation organized in Virginia, with more than 500 employees, and conducting business in Cayce, South Carolina.

3. This Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 1343(a)(3),(4).

4. Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendants conduct substantial, systematic, and continuous activity in this district and are subject to personal jurisdiction in this district and because all of the acts underlying this lawsuit occurred in this district.

5. On December 21, 2023, the Equal Employment Opportunity Commission issued Plaintiff a notice, regarding charge number 14C-2023-00606, informing him of his right to sue Defendants in response to his charge of race discrimination.

6. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII.

7. Plaintiff was employed as a Conductor in the Cayce location of CSX; and at this location there were few black conductors and all the MTO were Caucasian.

8. Over the course of his employment with Defendant, Plaintiff was subjected to unequal discipline and heightened scrutiny.

9. A Caucasian member of management improperly took Plaintiff out of service on October 12, 2022, claiming Plaintiff's application would be rejected.

10. After representing to Plaintiff that he could not work and would be rejected from being placed in service, Defendant then represented that Plaintiff resigned.

11. Plaintiff made an attempt to report his removal and then false claims of resignation to Defendant ethics hotline and made claims of discrimination and wrongful termination.

12. Plaintiff is aware of Caucasian conductors and employees who were not forced out of their positions based on false claims of resignation.

　　A) In a derailment, Plaintiff was blamed as the conductor but no action was taken against the engineer. Discipline was attempted, but Plaintiff was able to successfully contest the discipline.

　　B) At the time Plaintiff was employed with Defendant, Defendant selected less than 5 African Americans to work as conductors at the Cayce location.

　　C) No other Caucasian conductors were taken out of service by Nate and Scott and then misrepresented as resigned.

13. Plaintiff worked for Defendants in a satisfactory manner and was not under the threat of termination during the time of his employment.

14. Defendant representatives told Plaintiff he was terminated and then represented to their superiors that Plaintiff resigned.

15. Defendant representatives did not make false representations to Caucasian conductors that lead to their separation.

16. Defendant's acts of discrimination within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights.

17. Defendant's facially neutral policies and procedures were applied in a discriminatory manner and in a manner which had a disparate impact on Plaintiff.

18. Plaintiff was subjected to the discriminatory practices of his employer and conspiracy of its representatives. As a result of the acts of discrimination based on race, Plaintiff has suffered financial and emotional distress, impaired reputation and the loss of employment opportunities.

### FIRST CAUSE OF ACTION
### (TITLE VII )

19. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

20. Plaintiff is a member of a protected class as an African American male, and he was performing satisfactorily and not under the threat of termination, as Defendant representatives claim they did not terminate Plaintiff, but that he resigned.

21. Plaintiff was subjected to unequal treatment as described above in the terms conditions and discipline relating to employment, up to separation without cause.

22. Defendant had no legitimate business reason for its treatment toward Plaintiff of denying an equal employment opportunity with respect to application of work rules, discipline and terms and conditions of continued employment.

23. By treating Plaintiff differently than Caucasian conductors as described above, Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his race in violation of Title VII.

24. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
## (CONSPIRACY)

25. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

26. Plaintiff was employed by Defendant and through employment with Defendant was an implied covenant of good faith and fair dealing.

27. At least two representatives of Defendant within the Cayce location knowingly made misrepresentations to Plaintiff that his application to be listed as the conductor on the board was being rejected for safety reasons and that he was being taken out of service.

28. Those same representatives of Defendant directly caused the separation of Plaintiff based on their misrepresentations, and then represented to Defendant that Plaintiff resigned.

29. At least 2 representatives of Plaintiff came together to make representations to Plaintiff that he was taken out of service for the purpose of causing Plaintiff's separation from Defendant.

30. As a result of the direct and deliberate actions of representatives of Defendant, Plaintiff has suffered loss of employment, emotional and financial distress, impaired professional reputation, loss of future employment opportunities with Defendant, attorney fees and costs.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment:

A. Declaring that the acts and practices complained of are in violation of Title VII ;

B. Enjoining and permanently restraining these violations of Title VII;

C. Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory and retaliatory treatment of him, and make him whole for all earnings he would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension and other lost benefits, and liquidated damages pursuant to Title VII ;

D. Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided under Title VII and state law;

E. Directing Defendant to pay Plaintiff compensatory damages and damages for emotional distress, mental anguish and humiliation, and other compensatory and punitive damages allowable under Title VII and state law, in the amount to be determined by a jury; and,

F. Awarding Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By: _s/ Pheobe A. Clark_____
**Pheobe A. Clark**
Federal ID No. 9888
Post Office Box 13057
Florence, SC  29504-3057
Phone: (843) 669-5634
Fax:    (843) 669-5150

March 20, 2023