

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| VICTOR HICKSON,<br>   Plaintiff, | §<br>§<br>§ | |
| vs. | § | Civil Action No.: 3:24-1339-MGL |
| | § | |
| CSX TRANSPORTATION, INC.,<br>   Defendant. | §<br>§<br>§ | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AS TO PLAINTIFF'S TITLE VII CLAIM,
AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
OVER PLAINTIFF'S CIVIL CONSPIRACY CLAIM**

  Plaintiff Victor Hickson (Hickson), an African American male, brings this civil action against his former employer Defendant CSX Transportation, Inc. (CSX). Hickson asserts a race discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and a civil conspiracy claim under South Carolina law.

  This matter is before the Court for review of the Report and Recommendation (Report) of the Magistrate Judge suggesting the Court grant CSX's motion for summary judgment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 2, 2025. The parties both filed objections on July 16, 2025. CSX filed a reply on August 13, 2025, but Hickson neglected to do so.

CSX hired Hickson as a Freight Conductor trainee at its Cayce, South Carolina terminal on May 9, 2022. He underwent training and then began working on the railroad track for a sixty-day probationary period. During the probationary period, three Managers of Train Operations (MTOs), including Nate Oglesby (Oglesby), monitored Hickson's performance. Oglesby reported his observations to Assistant Superintendent Scott Perret (Perret).

Between July 15 and October 9, 2022, Hickson committed eleven rule violations. He also failed four operational efficiency tests, which are used to identify unsafe or inefficient practices. As a result of these citations and failures, Perret emailed the MTOs on October 11, 2022, "We need to dismiss [Hickson.] He has been coached [eleven] times on multiple rule violations and failed [four] operational testing events . . . since [July 15]. [Hickson] is proving he cannot work 100% rule compliant[,] and we need to reject his application before he gets hurt or hurts somebody else." Email from Perrett to MTOs (Oct. 11, 2022, at 07:39 EST). The MTOs all agreed with Perret's decision. Thus, on October 12, 2022, Oglesby met with Hickson and terminated him.

Hickson thereafter submitted a complaint with the CSX Ethics Hotline, claiming CSX unfairly terminated him and discriminated against him. CSX investigated Hickson's complaint but ultimately determined it lacked merit, as Hickson was terminated based on his employment record.

On November 4, 2022, CSX mailed a letter to Hickson. As is relevant here, the letter states, "This letter is to confirm that the company received notice from . . . Perret[] on November 1, 2022, that you verbally resigned from your position. Your resignation has been accepted." Hickson's Response at Ex. I. This is evidently a mischaracterization of Hickson's termination. Even still, Hickson neglected to file a Charge of Discrimination with the South Carolina Human Affairs Commission until December 1, 2023.

Hickson subsequently brought this lawsuit, and CSX filed a motion for summary judgment. The Magistrate Judge suggests the Court dismiss this matter in its entirety, as the Title VII claim is untimely.

Neither party objects to the Magistrate Judge's determination Hickson's Title VII claim is untimely. But, CSX requests the Court assess the merits of the Title VII claim. Because timeliness is dispositive, the Court will overrule CSX's objection on this ground. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

Turning to Hickson's civil conspiracy claim, both parties object to the Magistrate Judge's failure to address the claim. This is Hickson's only objection.

"Generally, when a district court dismisses all federal claims in the early stages of litigation[,] . . . it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice." *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024) (quoting *Banks v. Gore*, 738 F. App'x 766, 773 (4th Cir. 2018)). The Court, however, "enjoy[s] wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110

(4th Cir. 1995). And, in making this determination, the Court should consider the "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Here, the Court is unconvinced this is anything but "the usual case in which . . . the balance of factors to be considered under the [supplemental] jurisdiction doctrine . . . point toward declining to exercise jurisdiction over [Hickson's] remaining state-law claim[.]" *Cohill*, 484 U.S. at 350 n.7. The Court will thus refrain from exercising jurisdiction over Hickson's civil conspiracy claim and overrule the parties' related objections.

After a thorough review of the Report and the record in this case under the standards set forth above, the Court overrules the parties' objections as provided above, adopts the Report to the extent it is consistent with this order, and incorporates the report herein. It is therefore the judgment of the Court CSX's motion for summary judgment is **GRANTED** as to Hickson's Title VII claim, which is dismissed with prejudice.

Further, the Court declines to exercise supplemental jurisdiction over Hickson's civil conspiracy claim, which is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 23rd day of September 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE
